■ In the Matter of the CITY OF NEW YORK, Appellant-Respondent, Relative to Acquiring Title to a Public Place in the Block Bounded by Duane Street and Other Streets in the Borough of Manhattan. JACOB GINSBERG, Respondent-Appellant.— Decree dated November 9, 1967, containing an award of $285,000 for Damage Parcel No. 9 (D. P. 9) unanimously reversed, on the law and on the facts, the award vacated, and the matter remanded for further hearings, without costs or disbursements. The valuation is founded on the sale price of a parcel at Cliff and Fulton Streets on which a 10-level parking garage was erected after demolition of the then existing building. After translating the sale price into an over-all unit of $35-75 per square foot, the trial court fixed an over-all unit for D. P. 9 of $42.20 per square foot, on the ground that it was more valuable than the Cliff-Fulton parcel because of more advantageous location. The amount of the increase, however, was not derived from figures contained in the record, but represented in effect the court's own view, arrived at without the aid of expert testimony, of how much per square foot the superior location contributed in value. Furthermore, the use of the Cliff-Fulton parcel as a basis of comparison was in any event questionable. It was the only sale on which the court relied (cf. *Matter of City of New York* [*Lincoln Sq. Addition*], 23 Misc 2d 690, 696, affd. 15 A D 2d 650, mot. for lv. to app. den., 11 N Y 2d 646), was not thought comparable by claimant's expert, and was not advanced by the city on the issue of quantum. On the issue of the best use of D. P. 9 the city should have been permitted to show through its experts, testifying on the basis of financial statements normally made available by the owner of the Cliff-Fulton garage or filed by it with the Attorney-General, that the garage operation had proved unprofitable. Such a showing might also have had a bearing on the propriety of using the Cliff-Fulton sale price as a comparative. The finding of the trial court that the award is supported by "the rental value of the damage parcel" is inconsistent with our opinion on the previous appeal (24 A D 2d 243, 245, 246), as is the court's reliance on what it termed "de facto or inverse condemnation" ( p. 244). While the city's expert deemed garage use uneconomic, giving it no value, the present record does not convincingly show this, although proper evaluation for such use is wanting. Concur — Botein, P. J., Stevens, Eager and Capozzoli, JJ.